# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE LAMBERT (#109947) | CIVIL ACTION |
| VERSUS | |
| N. BURL CAIN, ET AL. | NO. 10-0777-BAJ-DLD |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 8, 2011.

*/s/ Docia L. Dalby*

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JACKIE LAMBERT (#109947)                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                                  NO. 10-0777-BAJ-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Dismiss of the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, rec.doc.no. 12, the Motion to Dismiss of defendants Burl Cain and James M. LeBlanc, rec.doc.no. 22, the Motion to Dismiss of defendant Charles Matherne, rec.doc.no. 39, and the Motion for Summary Judgment of all defendants, rec.doc.no. 48. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Secretary James M. LeBlanc, Maintenance Supervisor Charles Matherne, the Louisiana Department of Public Safety and Corrections, and the R.E. Barrow Treatment Center, complaining that his constitutional rights were violated on January 11, 2010, when he was exposed to dangerous fumes while working to repair a leaking gas pipe at LSP. The plaintiff complains that he was not provided with adequate safety equipment while performing this work and was not provided with appropriate medical attention in response to his subsequent complaints and symptoms. The plaintiff further asserts that, as a result of the defendants' alleged failure to diagnose his condition and provide appropriate medical treatment, he was allegedly twice sprayed with irritant spray by a security officer at the R.E. Barrow Treatment Center. Finally, the plaintiff complains that, as a result of his administrative complaints regarding the defendants' alleged wrongful conduct, he has been retaliated against through re-classification to a job assignment which earns substantially less pay. Through the filing of an

amended Complaint, the plaintiff has added as defendants herein Glen Ellis, Odis Ratcliff, Ass't Warden Tim Delaney, Major Joseph Hooker, Major Barrett Boeker, Crystal Moore, Dr. Katie Ard, Lt. McDowell, Capt. Thomas Bellue, Dr. Jonathan Roundtree, and Laura Wolf.[1]

Addressing first the defendants' motion for summary judgment, they assert, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavits of Rhonda Z. Weldon and Tara Bonnette, that the plaintiff has failed to exhaust administrative remedies relative to his claims as mandated by 42 U.S.C. § 1997e. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to commencement of a lawsuit in federal court relative to prison conditions. This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" Johnson v. Johnson, supra.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as

---

[1] Attempts by the United States Marshal's Office to serve defendants Crystal Moore, Lt. McDowell and Laura Wolf have proven unsuccessful because service of process has not been accepted on behalf of these defendants by the Louisiana Department of Public Safety and Corrections. See rec.doc.no. 46. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Crystal Moore, Lt. McDowell and Laura Wolf be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon these defendants.

a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

From a review of the plaintiff's administrative remedy proceedings, it appears that the defendants' motion is well-taken. In his original Complaint, the plaintiff made reference to grievance No. LSP-2010-0507 as being the grievance which he filed wherein he asserted the claims which he now pursues in this litigation. This grievance was filed on or about February 15, 2010, and was apparently received in the LSP Legal Programs Department on February 19, 2010. The defendants concede that no response was ever given by prison officials to the plaintiff relative to this grievance. However, in accordance with the written prison grievance procedure, the plaintiff had the right, upon the failure of prison officials to respond to his grievance within forty (40) days, to unilaterally proceed to the second and final step of the administrative process by forwarding his grievance to the office of the Secretary of the Louisiana Department of Public Safety and Corrections. Although the plaintiff asserts in his unsworn Complaint that he "wrote [to] Legal Programs, and still didn't get no response," and that he thereafter "went to the Secretary for D.O.C., [and] still got no response or answer," the defendants have provided sworn affidavits attesting that their records reflect no action whatever taken by the plaintiff to proceed to the second step of the administrative process. Instead, they attest that their records indicate that the plaintiff simply filed the instant lawsuit after the passage of approximately one year from the incidents complained of. The plaintiff has made no attempt to refute the defendants' assertions in this regard. Specifically, he has not presented the

Court with his own affidavit attesting to the efforts he undertook to complete the administrative process, nor has he provided the Court with copies of correspondence which he allegedly sent to the Legal Programs Department and to the Secretary of the Louisiana Department of Public Safety and Correction, attempting to proceed to the second step thereof. In short, whereas the defendants have provided competent legal evidence reflecting the plaintiff's failure to exhaust administrative remedies relative to his claims, the plaintiff has not come forward with any evidence, beyond his conclusory unsworn assertions, that he exhausted such remedies. And to the extent that prison officials may have simply neglected to respond to his initial grievance, this does not excuse the plaintiff's failure to exhaust administrative remedies. "The failure of prison officials to respond to a grievance does not constitute a valid excuse for failing to exhaust administrative remedies." Johnson v. Cheney, 2008 WL 534606 (N.D. Tex., Feb. 8, 2008). See also Voyles v. Strain, 2008 WL 152111 (E.D. La., Jan. 14, 2008) ("[T]he general rule is that a plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative procedure.... Simply initiating the procedure by filing a first-step grievance ... is insufficient"); Curry v. Alexandre, 2006 WL 2547062 (W.D. La., June 19, 2006) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored."). Accordingly, the plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.[2]

Based upon the foregoing, the Court need not address the pending motions to dismiss filed by the defendants, see rec.doc.nos. 12, 22 and 39. These motions, therefore, should be denied as moot.[3]

---

[2] The plaintiff's allegations regarding the purported futility of pursuing administrative remedies in this case are not persuasive.

[3] The Court further finds that the plaintiff would be unlikely to recover in this case in any event. There are numerous reported decisions which reflect that, absent a showing that prison officials have intentionally exposed an inmate to work conditions which create a substantial risk of serious harm, there is no liability for a failure to provide safety equipment. See, e.g., Strhan v. Scott, 61 Fed.Appx. 919 (5th Cir. 2003) (inmate not provided with protective gear for exposure to "PVC");

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against Crystal Moore, Lt. McDowell and Laura Wolf be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 48, be granted, dismissing the plaintiff's claims asserted against the defendants, without prejudice, for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to the refiling of these same claims in forma pauperis.[4]  It is further recommended that the defendants' pending motions to dismiss, rec.doc.nos. 12, 22 and 39, be denied as moot, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 8, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989) (inmate not provided with mask while working in heavy corn dust); Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987) (inmate not provided with safety glasses while chopping wood, resulting in loss of eye); Sampson v. King, 693 F.2d 566 (5th Cir. 1982) (inmate made to work in field recently sprayed with pesticides); Barrett v. Casal, 2007 WL 2746954 (S.D. Tex., Sept. 18, 2007) (inmate not provided with protective gear during demolition of building which potentially contained asbestos and/or lead paint); Swann v. Union County Sheriff's Dep't, 2006 WL 2990331 (N.D. Miss., Oct. 18, 2006) (inmate made to work on roof without safety equipment, resulting in fall).  The plaintiff does not allege that he made a request for safety equipment, and he does not provide any evidence suggesting that the defendants were aware of any particular danger faced by the plaintiff as a result of exposure to the gas.  To the contrary, the plaintiff asserts that the defendants themselves were not wearing any protective clothing or safety gear in proximity to the leak.  Further, with regard to the plaintiff's claim regarding an alleged denial of medical care, his certified medical records reflect that he received substantial medical care and treatment, and that his symptoms and complaints were not ignored.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Finally, the plaintiff's allegations regarding alleged wrongful policies at LSP, regarding an alleged failure to train and/or supervise LSP employees, and regarding an alleged retaliatory job re-classification are entirely conclusory and would not support a finding of liability in connection therewith.  Accordingly, the defendants would likely be found entitled to qualified immunity in connection with the plaintiff's claims.  See Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

[4]  See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).